fered with. One cause of this evil seems to be the fact that warrants are issued upon the affidavit of some officer, who, upon the relation of others whose names are not disclosed, swears that. upon information, he has reason to believe, and does believe, the person charged has committed the offense charged. The district judge, not being satisfied that this is a sufficient ground for issuing a warrant of arrest, has desired my advice in the matter. After examination of the subject, we have come to the conclusion that such an affidavit does not meet the requirements of the constitution, which, by the fourth article of the amendments, declares that the right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures shall not be violated; and that no warrants shall issue but upon probable cause, supported by oath or affirmation. describing the place to be searched and the persons to be seized. It is plain from this fundamental enunciation, as well as from the books of authority on criminal matters in the common law, that the probable cause referred to, and which must be supported by oath or affirmation, must be submitted to the committing magistrate himself, and not merely to an official accuser, so that he, the magistrate, may exercise his own judgment on the sufficiency of the ground shown for believing the accused person guilty; and this ground must amount to a probable cause of belief or suspicion of the party's guilt. In other words, the magistrate ought to have before him the oath of the real accuser, presented either in the form of an affidavit, or taken down by himself by personal examination, exhibiting the facts on which the charge is based and on which the belief or suspicion of guilt is founded. The magistrate can then judge for himself, and not trust to the judgment of another, whether sufficient and probable cause exists for issuing a warrant. It is possible that by exercising this degree of caution. some guilty persons may escape public prosecution. but it is better that some guilty ones should escape than that many innocent persons should be subjected to the expense and disgrace attendant upon being arrested upon a criminal charge, and this was undoubtedly the beneficent reason upon which the constitutional provision referred to was founded.

In view of these considerations. and to correct the evil alluded to, we have prepared and now make the following general order for the guidance of the commissioners of this court, in the manner of issuing warrants of arrest against persons charged with crime, to wit: No warrant shall be issued by any commissioner of this court for the seizure or arrest of any person charged with a crime or offense against the laws of the United States upon mere belief, or suspicion of the person making such charge; but only upon probable cause, supported by oath or affirmation of such person, in which shall be stated the facts within his own knowledge constituting the grounds for such a belief or suspicion.

RULON, The VIRGINIA. See Case No. 16,-974.

## Case No. 12,127.

RUMACH v. The QUEEN OF THE SOUTH.

[See Case No. 657a.]

## Case No. 12,128.

RUMBALL v. The PACIFIC.

[See Case No. 10,643.]

## Case No. 12,129.

RUMER v. SCHELL.

[See Case No. 11,676.]

## Case No. 12,130.

RUMFORD CHEMICAL WORKS v. FINNIE.

[2 Flip. 459; 25 Int. Rev. Rec. 209; 7 Reporter,. 742; 20 Alb. Law J. 18.] [1]

Circuit Court, W. D. Tennessee. May 13, 1879.

NEW TRIAL—AFFIDAVITS OF JURORS—COMPUTATION OF VERDICT.

1. Affidavits of jurors are not admissible to show the mode of computation adopted by the jury to be contrary to the law and the evidence.

2. On motion for a new trial defendants offered affidavits of jurors to show the method of calculation adopted by the jury, with items of debit and credit as allowed in determining the verdict. to demonstrate that such verdict was contrary to the law as charged by the court. and unsupported by the evidence.

[Action for the infringement of a patent. On motion for a new trial, among other grounds, the defendants offered affidavits of certain of the jurors, showing the method of calculation adopted by the jury, with all the items of debit and credit as allowed in determining the verdict, to demonstrate, as they alleged, that the verdict was contrary to the law as charged by the court, and not supported by the evidence.] [2]

H. T. Ellett and Pierce & Dix, for the motion.

Geo. Gantt and McKissick & Turley, against the motion.

HAMMOND, District Judge. The jury having made a mistake in their figures, by which the verdict was rendered at one thousand dollars more than they really found. on information to the court and counsel and

---

[1] [Reported by William Searcy Flippin, Esq., and here reprinted by permission. 20 Alb. Law J. 18, contains only a partial report.]

[2] [From 25 Int. Rev. Rec. 209.]